## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CHAD A. MOORE,**

      **Petitioner,**

      **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

      **Respondent.**

**Case No. 2:18-cv-379
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Dismiss, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED** and that this action be **DISMISSED** unless Petitioner notifies the Court, within **FOURTEEN (14) DAYS,** that he wishes to delete his unexhausted claims and proceed solely on his remaining exhausted claim of the denial of the effective assistance of counsel.

**Facts and Procedural History**

Petitioner challenges his October 2016, convictions after a jury trial in the Licking County Court of Common Pleas on possession of criminal tools, cultivating marijuana, and possession of methamphetamine. The Ohio Fifth District Court of Appeals summarized the facts and procedural history as follows:

> {¶ 2} This case arose on September 2, 2015 at an address on Columbus Road in Licking County, Ohio when the Licking County SWAT team and the Central Ohio Drug Enforcement Task Force (CODE TF) executed a daytime no-knock search warrant at appellant's residence. Appellant and a female were found in bed and appellant was holding a gray safe. Inside the safe were approximately 50 grams of

methamphetamine, "jeweler bags," a digital scale, and cash. The ensuing search of the residence located a marijuana grow operation and firearms. Appellant is prohibited from possessing firearms due to a felony attempted drug trafficking conviction.

{¶ 3} On September 3, 2015, Detective Kyle Boerstler of the Licking County Sheriff's Department filed a "Criminal Complaint/Arrest Warrant" charging appellant with one count of aggravated drug trafficking (methamphetamine) pursuant to R.C. 2925.03(A)(2)(C)(1)(d), a felony of the first degree.

{¶ 4} Appellant's initial appearance occurred on September 3, 2015 and a preliminary hearing was scheduled for September 10, 2015. On September 8, 2015, appellee moved to continue the preliminary hearing for a week "in order to allow additional time for investigation purposes before this matter is presented to the [grand jury.]" The trial court granted the motion on September 9, 2015, continuing the preliminary hearing to September 17, 2015.

{¶ 5} On September 17, 2015, appellant was charged by indictment upon one count each of aggravated drug possession (methamphetamine) [Count I], cultivation of marijuana [Count II], having weapons while under disability [Count III], and possession of criminal tools [Count IV]. Counts I, II, and IV were accompanied by firearm and forfeiture specifications.1 About one hour after the indictment was filed, appellant filed a motion to dismiss the criminal complaint because he was not afforded a timely preliminary hearing.

{¶ 6} Appellant filed a (second) pro se motion to dismiss the criminal complaint on September 21, 2015 although he was represented by counsel.

{¶ 7} An oral hearing on the motion(s) to dismiss the criminal complaint was held on September 24, 2015 and the trial court overruled the motions by judgment entry.

{¶ 8} Appellant entered pleas of not guilty and the matter proceeded to pretrial litigation. Appellant filed a number of motions, both pro se and by counsel. Relevant to this appeal, defense trial counsel filed a "Motion to Suppress Evidence Based upon Invalid Search Warrant" on November 2, 2015, arguing the affidavit in support of the search warrant does not support a finding of probable cause. Appellant argued the information provided by "James Springs" was stale and the affiant did not personally speak to a second unnamed source whose credibility was not ascertained or referenced in the affidavit.

{¶ 9} Appellee responded with a memorandum in opposition.

{¶ 10} The trial court considered the motion to suppress pursuant to a non-oral hearing limited to reviewing the four corners of the affidavit. The trial court overruled the motion to suppress by judgment entry dated November 30, 2015.

{¶ 11} The matter proceeded to trial by jury and appellant was found guilty as charged. Appellant was sentenced to an aggregate prison term of eleven and a half years.

{¶ 12} Appellant now appeals from the judgment entry of his convictions and sentence.

{¶ 13} Appellant raises two assignments of error:

ASSIGNMENTS OF ERROR

{¶ 14} "I. APPELLANT WAS DENIED DUE PROCESS AFFORDED BY THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION, OHIO LAW AND CRIMINAL RULES WHEN HIS PRELIMINARY HEARING WAS CONTINUED BY THE STATE WITHOUT DUE PROCESS OR JUSITIFICATION."

{¶ 15} "II. APPELLANT'S MOTION TO SUPPRESS DUE TO A FALSE AND DEFECTIVE SEARCH WARRANT SHOULD HAVE BEEN GRANTED."

*State v. Moore,* 5th Dist. No. 16-CA-26, 2016 WL 6494225, at *1-2 (Ohio Ct. App. Oct. 28, 2016).

On October 28, 2016, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not file an appeal to the Ohio Supreme Court.

On June 13, 2016, while his direct appeal remained pending, Petitioner filed a motion for a new trial. (ECF No. 6, PAGEID # 324.) On August 25, 2016, the appellate court denied the motion for a new trial. (PAGEID # 339.) Petitioner timely appealed; however, on December 27, 2016, the appellate court granted his motion to voluntary dismiss the appeal. (PAGEID # 343.) On November 28, 2016, he filed a petition for post-conviction relief. On January 13, 2017, the trial court denied that action for lack of jurisdiction due to Petitioner's pending appeal. (PAGEID # 378.) On January 26, 2017, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 6, PAGEID # 249.) On March 27, 2017, the appellate court denied the Rule 26(B) application. (PAGEID # 283.) On July 26, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Moore*, 150 Ohio St.3d 1411 (Ohio 2017).

On April 24, 2018, Petitioner filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was denied due process when his preliminary hearing was continued without due process or justification (claim one); that the trial court improperly failed to grant his motion to suppress evidence based on a false and defective search warrant (claim two); and that he was denied the effective assistance of trial and appellate counsel (claim three). It is the position of the Respondent that this action should be dismissed without prejudice as unexhausted.

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Furthermore, federal habeas courts may not entertain "mixed petitions," *i.e.*, petitions that present both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). However, federal courts have the discretion to stay a mixed petition in order to permit a petitioner to present any unexhausted claim to the state courts, and then to return to federal court for review of all, now exhausted, claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, stays under these circumstances should be only sparingly used; stays are not appropriate, for example, when the unexhausted grounds are plainly meritless. *Id.* at 278. A petitioner seeking a stay to permit

exhaustion of an unexhausted claim must demonstrate both good cause for having failed to exhaust

his state court remedies and a potentially meritorious claim. *Id.* at 277-78.

Claims one and two remain unexhausted. Petitioner raised these claims on direct appeal;

however, he never filed an appeal to the Ohio Supreme Court.[1] Moreover, he may now still pursue

a motion for a delayed appeal pursuant to Ohio Supreme Court Rule of Practice 7.01(A)(4)(a).

Moreover, the record does not reflect that Petitioner's claims are potentially meritorious so as to

warrant a stay under *Rhines*. The state appellate court rejected both of Petitioner's claims on the

merits. *State v. Moore*, 2016 WL 6494225, at *2-3. Moreover, in claim one, Petitioner raises an

issue regarding the alleged violation of state law. This claim does not provide him a basis for

relief. This Court's review is limited to consideration of claims alleging a violation of "the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on a

"perceived error of state law" fall outside the scope of the Court's review and, therefore, do not

constitute cognizable grounds for federal habeas relief. *See id.; see also Wilson v. Corcoran*, 562

U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. at 67-68) ("it is not the province of a federal

court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S.

37, 41 (1984). Similarly, in claim two, Petitioner asserts an alleged violation of the Fourth

Amendment. Generally, habeas corpus relief cannot be based on an alleged violation of the Fourth

Amendment, so long as the petitioner had an opportunity to present the claim to the state courts.

*Stone v. Powell*, 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)

(opportunity for full and fair litigation of a Fourth Amendment claim exists where the state

---

[1] Petitioner appears to indicate that he did file a timely appeal to the Ohio Supreme Court. Petition (ECF No. 1, PAGEID# 2.) However, the record indicates that his appeal in the Ohio Supreme Court related to Rule 26(B) proceedings. (ECF No. 1-5, PAGEID # 42-43.)

procedural mechanism presents an opportunity to raise the claim, and presentation of the claim was not frustrated by a failure of that mechanism.)

> One, the key purpose of federal habeas corpus is to free innocent prisoners. But whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty. [*Stone v. Powell*], at 490, 96 S.Ct. 3037. Two, exclusion is a prudential deterrent prescribed by the courts, not a personal right guaranteed by the Constitution. Any deterrence produced by an additional layer of habeas review is small, but the cost of undoing final convictions is great. *Id*. at 493, 96 S.Ct. 3037.

*Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013). Ohio permits a criminal defendant to file a motion to suppress evidence prior to trial. *See* Ohio R. Crim. P. 12(C)(3). Further, there is no basis in the record upon which to find that Petitioner was unable to present a claim under the Fourth Amendment because of a failure of Ohio's procedural mechanism. To the contrary, the appellate court affirmed the trial court's denial of his motion to suppress evidence. *State v. Moore*, 2016 WL 6494225, at *3. Therefore, Petitioner's claim regarding the violation of the Fourth Amendment does not provide a basis for federal habeas relief. *See Davis v. Morgan*, No. 2:15-cv-00613, 2016 WL 6493420, at *9 (S.D. Ohio Nov. 2, 2016).

For the foregoing reasons, a stay of proceedings would not be warranted under *Rhines*.

**Recommended Disposition**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Respondent's Motion to Dismiss this action without prejudice as unexhausted be **GRANTED** and that this action be **DISMISSED** unless Petitioner notifies the Court, within **FOURTEEN (14) DAYS,** that he wishes to delete his unexhausted claims and proceed solely on his remaining exhausted claim of the denial of the effective assistance of counsel.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

       _s/ *Elizabeth A. Preston Deavers*
       Elizabeth A. Preston Deavers
       Chief United States Magistrate Judge